UNITED STATES MAGISTRATE JUDGE
United States District Court of New Jersey

NOT FOR PUBLICATION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-169, <br><br> Defendants. | **Civil Action No.** <br><br> **2:12-CV-5930-WHW-SCM** <br><br><br> **OPINION ON PLAINTIFF'S MOTION** <br> **FOR EXPEDITED DISCOVERY** <br><br> **(D.E. 4)** |

This matter comes before the Court upon motion by plaintiff West Coast Productions, Inc. ("Plaintiff") for leave to take expedited discovery prior to the Rule 26(f) conference. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **granted in part and denied in part.**

**I. BACKGROUND.**

This action involves the alleged illegal distribution of Plaintiff's copyrighted work, namely the motion picture "Total Black Invasion" (hereinafter, the "Work") on the Internet. On September 20, 2012, Plaintiff filed a Complaint against various "John Doe" defendants (the "Defendants"), identified only by IP

1

address[1], asserting claims for direct and contributory copyright infringement. (*See* Docket Entry ("D.E.") 1, Complaint ("Compl."). Plaintiff alleges that Defendants unlawfully copied and distributed the Work on the Internet using so called peer-to-peer ("P2P") file "swapping" networks. (D.E. 1 at ¶ 4).

According to Plaintiff, Defendants utilized a "BitTorrent Swarm" to infringe upon Plaintiff's copyright in the Work. (*Id.* at ¶¶ 4-6). Plaintiff explained the operation of the relevant torrent as follows: the torrent creates a network of computers and Internet connections that permits Internet users, regardless of the limited uploading and downloading capabilities of their Internet service account, to participate in transferring large amounts of data across the P2P network. (*Id.* at ¶¶ 9-12). As a result, Plaintiff avers that distribution of even one free unlawful copy of the Work can result in near instantaneous worldwide distribution of same to a limitless number of people. (*Id.* at ¶ 12).

Plaintiff further argues that it can only identify Defendants by their IP addresses and cannot establish Defendants' true identities without obtaining information from their respective internet service providers ("ISPs"). (*Id.* at ¶¶

---

[1]  An Internet Protocol address or "IP" address is a unique identifier assigned to a customer-subscriber, i.e., the account holder, by his/her Internet Service Provider ("ISP").  ISPs are the private corporate entities that provide internet service to customer-subscribers.

13, 14)(*see also* D.E. 4-1, Plaintiff's Brief in Support of Motion for Expedited Discovery ("Pl. Br.") at p. 8). By issuing subpoenas to ISPs to disclose the identity of the IP addresses' account holders, Plaintiff argues that it would secure the identities of the parties engaged in the illegal distribution of its work. (*Id*. at p. 4). Specifically, Plaintiff seeks to obtain the account holders' name, current (and permanent) address, and email address. (*Id*. at p. 5). Plaintiff argues that good cause exists to justify expedited discovery because in addition to not being able to otherwise identify the alleged infringers, ISPs typically only retain their IP logs for a "very limited amount of time," thus creating a great risk that the records will be destroyed before a Rule 26(f) conference takes place and normal discovery proceeds. (*Id*. at p. 8, 9).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(t)." The Court, however, may grant leave to conduct discovery prior to a conference. *Id*. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances ...". *Better Packages Inc. v. Zheng*, No.Civ.A. 05-

4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of 'John Doe' defendants in internet copyright infringement cases often apply the "good cause" test. *See In Re Bittorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012)(granting limited early discovery only as to John Doe 1); Pacific Century Int'l. Ltd. v. Does 1 - 101 101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

**III. ANALYSIS**

Courts in this District have identified two problems that preclude Plaintiff from obtaining the full extent of the expedited discovery that it seeks.

The first issue concerns joinder. In recent cases in this District, other judges have determined that joinder of numerous

'John Doe' defendants is inappropriate. *See Amselfilm Prod. GMBH*

*& Co. KG v. Swarm 6A6DC and John Does 1-187*, No. 12-3865 (D.N.J.

Oct. 10, 2012); *Third Degree Films, Inc. v. John Does 1-110*,

Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). The concern of

these courts was enunciated as follows:

> There is a split among federal courts across the
> country as to whether the numerous defendants in
> copyright infringement cases such as this have been
> properly joined. *See*, e.g. Media Products, Inc. v.
> John Does 1-26, No. 12 Civ. 3719, 2012 WL 3866492, *2
> (S.D.N.Y. September 4, 2012) (holding that joinder of
> 26 defendants in copyright infringement action is
> improper); Third Degree Films. Inc. v. Does 1-131, 280
> F.R.D. 493, 497-99 (D. Ariz. 2012) (holding that
> joinder of 131 defendants in copyright infringement
> action is improper); Malibu Media, LLC v. John Does 1-
> 5, No. 12-cv-2954, 2012 WL 3641291, *3-*5 (S.D.N.Y.
> August 24, 20 12) (holding that joinder of 5
> defendants in copyright infringement action is
> proper). While this Court appreciates that those who
> participate in the same swarm are virtually
> "connected" by the same copyrighted work, this Court
> is not convinced that the purported instances of
> distribution, as identified by digital rights
> enforcement company Baseprotect and listed in Schedule
> B of the complaint, are a part of the same
> transaction, particularly because they span across
> various dates and times. Although there may be
> multiple individuals who distribute pieces of the same
> work and are thereby described as being in the same
> swarm, it is probable that different people within the
> swarm never distribute a piece of the work to the same
> person, or at the same moment in time. Third Degree
> Films, 280 F.R.D. at 498 (finding that participation
> in the same swarm does not constitute the same
> transaction or occurrence or series of transactions or
> occurrences for purposes of joinder because a
> particular swarm "can last for many months" and"[
> d]uring those months, the initial participants may
> never overlap with later participants"); see also June
> 18, 2012 Declaration of David Farris ¶ 25. Without
> more connecting them, 187 defendants who have

distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction. For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

*Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187*, No. 12-3865 (D.N.J. Oct. 10, 2012).

In *Amselfilm Prod.*, Judge Hochberg severed and dismissed without prejudice to re-file all claims against all defendants except John Doe 1. This Court shares these same concerns and, therefore, adopts the same reasoning and result. *See Third Degree Films Inc. v. John Does 1-110*, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). Although not in a position to dismiss Plaintiff's claims at this time, the Court will only address the request to conduct expedited discovery as to John Doe 1.

The second issue concerns whether Plaintiff should be permitted to serve expedited discovery in the form of Rule 45 subpoenas on various ISPs in order to obtain information that will allegedly reveal the true identity of John Doe 1 by cross referencing the IP address Plaintiff currently possesses to the account holder information of that IP address on file with the ISP.

6

In an almost identical case in which a plaintiff sought this type of expedited discovery when it was only able to identify the John Doe defendants by IP address, the Honorable Mark Falk, U.S.M.J. denied the request for expedited discovery, without prejudice, on the basis that: "[g]ranting Plaintiff's motion has the potential to permit Plaintiff to obtain detailed personal information of innocent individuals. This could subject an innocent individual to unjustified burden." *Third Degree Films, Inc. v. John Does 1-110*, Civ. A. No. 2:12-cv-5817(D.N.J. Jan. 17, 2013). Specifically, Judge Falk explained the issue as follows:

> In some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network. *See VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed.

*Id*. This Court rejects the assertion that the information sought by Plaintiff is as limited as Plaintiff states. Plaintiff seeks all information regarding the account holder of a certain IP address including the account holders' name, current (and permanent) address, and email address. (*See* D.E. 4-1 at p. 9). The release of this information could impose an undue burden on

7

individuals who may have provided their information to an ISP as the registered customer-subscriber, but who did not engage in the alleged illegal distribution of Plaintiff's copyrighted work.

This distinction - namely the difference in identity between the customer-subscriber of an IP account and the individual who impermissibly distributed the copyrighted work - is critical and not likely addressed by the so-called "limited" discovery sought. To be clear, allowing Plaintiff to obtain the expedited discovery that it seeks will not necessarily reveal the appropriate defendant's identity. It will only provide sensitive information of the account holder. The second step would be for Plaintiff to determine whether that particular IP account holder accessed the Swarm and illegally distributed the copyrighted work. *See Pac. Century Int'l Ltd. v. Does*, C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff must go beyond the "limited discovery" that it asserted would lead to the John Doe defendants' identities. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain the John Doe defendants' identities would likely outweigh Plaintiff's need for expedited discovery. *Id*. (citations omitted).

Notwithstanding these concerns, the Court recognizes that Plaintiff, as the alleged owner of a copyrighted work, should not be left without the ability to ascertain the identity of those individuals who are allegedly infringing its copyright by illegal distribution. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *1, *13 (E.D.N.Y. May 1, 2012).  Thus, the Court must endeavor to fashion a remedy that will ensure that the rights of all parties are adequately protected. *Id*. The Court will grant Plaintiff's request for leave to take expedited discovery in the following form, and with the following limitations: Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on the ISP that provided internet service to the defendant designated (by IP address) as John Doe 1. The subpoena may seek only the name and mailing address of the account holder of such IP address. Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s), email address(es) or any media access control ("MAC") address(es)[2] of this individual, or seek to

---

[2] Plaintiff has sought to obtain media access control addresses for the John Doe defendants. (*See* D.E. 4-1 at p. 9). A media access control address ("MAC address") is a unique identifier assigned to network interfaces for communications on the physical network segment. MAC addresses are used as a network address for most IEEE 802 network technologies, including Ethernet. Plaintiff has not explained and this Court is not otherwise unaware of why Plaintiff would need to obtain John Doe 1's Mac address.  Therefore, consistent with this opinion and the accompanying Order, Plaintiff may not seek information via

obtain information about any potential John Doe defendant other

than John Doe 1. Plaintiff shall attach a copy of the Order that

shall accompany this Opinion to the subpoena. Information

obtained from the ISP shall only be used for the purpose of this

litigation and Plaintiff shall be prepared to provide copies of

the responsive information to the specific defendant who may

enter an appearance in this case.[3] All other aspects of

Plaintiff's motion for expedited discovery are denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for expedited

discovery in advance of the Rule 26(f) conference is **granted in**

**part and denied in part** as outlined above.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/18/2013 7:01:49 PM

---

subpoena, for John Doe 1 (or any other putative defendant's) Mac
address.

[3] If Plaintiff files an Amended Complaint to substitute a John
Doe with the proper name of a defendant, then it shall ensure
that it has a factual basis for the assertion that such
defendant engaged in the alleged acts. By permitting this
discovery, the Court is not finding that Plaintiff may rely
solely on the fact that the named defendant is the person
identified as the subscriber associated with the IP address to
prove that such person engaged in the acts set forth in the
Complaint.